In the Matter of the General Assignment of John H. Horsfall to John W. Hesse, for the Benefit of his Creditors.

(Decided January 6th, 1880.)

Where the creditors of one who had made a general assignment for the benefit of his creditors signed a composition deed releasing him on payment of twenty-five per cent. of their respective claims, and in the composition deed consented that upon the execution and delivery of the composition deed the assignee might re-assign to the assignor, and also ratified and confirmed all the acts and proceedings of the assignee, and consented that he be relieved and discharged of his trust and from all liability as assignee ; that his bond be cancelled and the sureties thereon relieved from further liability, and that an order for that purpose

might be made by any judge of this court without notice: *held*, that this was not a consent to a discharge of the assignee without an accounting ; and that the court would require an accounting to be had ; and that an *ex parte* order procured by the assignee, discharging him without such accounting, was properly vacated on the application of a creditor who had not consented to the entry of the order.

APPEAL by John W. Hesse, assignee of John H. Horsfall, under a general assignment for the benefit of his creditors, from an order of this court made at special term on the application of John T. Camp, one of the creditors of said Horsfall, vacating an *ex parte* order which had been obtained by Hesse, discharging him from his trust as assignee and cancelling his bond as such, and relieving the sureties thereon from further liability.

It appeared on the application that a composition had been made between the assignor and his creditors, and a composition deed signed.

This agreement, executed by the assignor, party of the first part, and assignee, party of the second part, and the creditors of the assignor, parties of the third part, after the formal recitals, proceeded as follows :—

" The parties of the second and third parts do each hereby agree to accept from the party of the first part a sum equal to twenty-five cents on each and every dollar of their respective claims against said party of the first part, in full settlement of said claims, the said sum to be paid on or before the 10th day of May, 1878. And the parties of the second and third parts do, and each and every of said parties does hereby agree to and with the party of the first part and with each other, that, on making such payment, the party of the first part shall thereupon be forever released and discharged from any and all liability whatsoever to the party of the second part, the said parties of the third part, or any of them. And it is further mutually agreed by and between all the parties to this agreement, that upon the signing and sealing of this agreement and its delivery duly acknowledged to said party of the second part, he may reassign to the party of the first part all property of whatsoever nature or

description which may be in his possession by virtue of said assignment, but before making such reassignment said party of the second part shall, out of said assigned estate, pay all claims or demands against said assigned estate which he, as such assignee, shall have become liable to pay, and said assignee shall retain out of said estate to his own use the sum of $200 as and for his fees as such assignee.

" And the parties of the first and third parts do hereby ratify and confirm all, each and every the acts, transactions, payment and proceedings of the said party of the second part as such assignee, and do hereby mutually consent and agree that said party of the second part be relieved and discharged from his trust as such assignee and from all liability as such ; that the bond given by him as such assignee be canceled and annuled, and that the sureties upon said bond be relieved from all liability thereupon ; and that an order discharging said assignee, canceling said bond, and relieving said sureties may be made by any judge of the Court of Common Pleas for the city and county of New York sitting as county judge, upon application of the said party of the second part, without notice to any party to this agreement."

After the execution of this agreement, the assignee, with the consent of the assignor and one of the creditors named Briggs, obtained, without having any accounting, an *ex parte* order discharging him from his trust as assignee, canceling his bond, and relieving his sureties.    Subsequently, one John T. Camp, a creditor who had signed the agreement, applied, on a petition alleging certain irregularities and breaches of duty in the assignee, to have this order vacated, and from the order of the special term granting the application this appeal was taken by the assignee.

*Lawrence & Waehner*, for appellant.

*George C. Lay, Jr.*, for respondent.

CHARLES P. DALY, Chief Justice.—The order vacating the order discharging the assignee should, in my opinion, be

affirmed. The statute has provided for the mode in which an assignee in an assignment for the benefit of creditors under the statute, where there has been a composition between the assignee and his creditors, may be discharged; which is on a proceeding for an accounting under the act (L. 1877, c. 466, § 20). It was undoubtedly, as the appellant claims, within the power of the creditors to waive the accounting, for a party may waive any provision of law or statutory or constitutional enactment designed for his benefit or protection. But the creditors in this case have not, by the composition deed, waived an accounting. The assignor and the creditors Briggs and Camp, who, together, brought about the composition, did so with the assignee, and the application of the assignor Horsfall and of Briggs, to vacate the order discharging the assignee, was denied by Judge VAN HOESEN, in the case of Briggs, upon the ground that he had, by the verbal agreement, waived his right to an accounting. But the petitioner Camp was no party to this verbal agreement, and is in no way concluded by it. He is simply one of the creditors who signed the composition deed; and all that they agreed to was, that an order might be made by any judge of this court discharging the assignee without notice to them. The assignee was entitled under this agreement to apply to any judge of this court for his discharge, without notice to the creditors who signed the composition deed; but the only mode in which the court had power to discharge him was upon proof of the composition in a proceeding for an accounting. When the creditors consent that an order may be made by any judge of the court discharging the assignee, they necessarily mean, discharging him without any notice to them, in the manner prescribed by law, there being no other way in which a judge could discharge him. To constitute a waiver, there should have been a consent to his discharge without any accounting. The *ex parte* order, therefore, discharging him was irregular, and was properly vacated.

It was provided by the composition deed that, after the execution and delivery of it, the assignee might, after paying

all claims and demands against the assigned estate, which, as assignee, he was liable to pay, and after deducting $200 for his fees, reassign to Horsfall, the assignor, the property ot whatever nature or description which might be in his possession under the assignment.    It is very clear from the instrument that he was to do this before he had the right to apply to a judge of the court to be released and discharged from his trust.    The composition creditors had agreed to release and discharge the assignor from all liability, upon the payment by him of twenty-five per cent. of the amount of their respective claims, and the reassignment of the assigned estate to him by the assignee, as provided for in the instrument, was clearly necessary to enable the assignor to carry out the composition ; for it is to be assumed, as this was a general assignment of all the debtor's property for the benefit of creditors, that he had nothing to enable him to pay the compounding creditors until the property was restored to him by a reassignment, and this is sworn to have been the fact by the assignor and by Briggs, who was one of the principal creditors.    But the *ex parte* order discharging the assignee was made with the consent of the assignor before a reassignment of the property, and was for that reason alone irregular.    This was not a provision which the assignee could waive, except so far as his rights were concerned.    The composition creditors had rights also.    It was for their interest that the assignor should be enabled, as speedily as possible, to carry out the composition, as the payments were to be made in about a month after the execution of the composition deed; and the assignor could not, without their consent, agree, so as to bind them, that the assignee might be discharged before reassigning the property.    The provision in the composition deed ratifying and confirming all the acts, transactions, payments and proceedings of the assignee, means, when he has complied with the conditions of the deed by reassigning the property, and is in a position to procure his discharge in the mode provided by the statute.

From the facts disclosed, an accounting in this case was necessary, as the assignee, if he has done what is alleged, has

impaired the estate and lessened the ability of the assignor to comply with the terms of the composition. The opinions delivered by Judges VAN HOESEN and J. F. DALY, in the assignment cases of Cotton, Yeager, Doyer, Lowenthal; and by Judge VAN HOESEN, in the application of Horsfall and Briggs in the present case, show how essential and indispensable it is that there should be an accounting in every case, and that it cannot be dispensed with unless there has been a clear, distinct and undoubted waiver of it by every creditor who could in any way be affected by the assignee's discharge; which was not the case here.

I do not think that it affects the question whether the petitioner may have been tendered the amount of the composition or not, if the discharge was irregular. He was not, as Briggs was, concluded by any agreement on his part to waive an accounting, and had the right to bring the matter before the court, it being the duty of the court to see that the rights of all the creditors are protected before discharging the assignee.

The order, therefore, should be affirmed.

JOSEPH F. DALY, J.—That the proceedings of the assignee to procure his discharge were wholly irregular, and the decree or order discharging him was unauthorized by law, the Chief Justice points out clearly in his opinion.

The interest of the petitioner Camp in the matter is, that he is to be bound by such unauthorized decree. He is made a party to the proceeding to the extent of having his claims barred. Whether, owing to his release and waiver of notice under seal, he would be permitted, in a regular proceeding, to be heard in opposition to the assignee's discharge, is a totally different question from the one before us. He certainly is not barred from claiming that the judgment cutting him off is not authorized by law.

VAN BRUNT, J., dissented on the ground that Camp, by signing the composition deed, had precluded himself from questioning the assignee's account, or from enforcing any

claim against him as such, and was not, therefore, in a position to attack the proceeding.

Order affirmed.